**Marquis Aurbach Coffing**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Kathleen A. Wilde, Esq.
Nevada Bar No. 12522
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
kwilde@maclaw.com
  *Attorneys for Defendants LVMPD, James LaRochelle and Thomas Thowsen*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KIRSTIN BLAISE LOBATO,<br><br>                    Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, THOMAS THOWSEN, and JAMES LaROCHELLE,<br><br>                    Defendants. | CASE NO. 2:19-cv-01273-RFB-EJY<br><br>**LVMPD DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Thomas Thowsen, and James LaRochelle (cumulatively "LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach Coffing, hereby answer and allege in accordance with FRCP 15(a)(3)[1] Plaintiff's Complaint (ECF No. 1) as follows:

### INTRODUCTION

1.   In answering paragraphs 1, 2, 3, 4 and 5 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

---

[1] Defendants also filed a Motion for Partial Dismissal. *See* ECF No. 24. Because FRCP 15 does not including a tolling provision comparable to FRCP 12(a)(4), the instant Answer is filed in an abundance of caution.

MAC:14687-221 4318724_1

## JURISDICTION AND VENUE

2.  In answering paragraphs 6 and 7 of Plaintiff's Complaint, the LVMPD Defendants admit the allegations contained therein.

## PARTIES

3.  In answering paragraph 8 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

4.  In answering paragraphs 9, 10 and 11 of Plaintiff's Complaint, the LVMPD Defendants admit the allegations contained therein.

## FACTUAL BACKGROUND

5.  In answering paragraphs 12 and 14 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

6.  In answering paragraph 13 of Plaintiff's Complaint, the LVMPD Defendants admit the allegations contained therein.

## PLAINTIFF WAS ASSAULTED IN MAY 2001

7.  In answering paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

## PLAINTIFF WAS IN PANACA, NEVADA CONTINUOUSLY FROM JULY 2 TO 9, 2001

8.  In answering paragraph 27 of Plaintiff's Complaint, the LVMPD Defendants admit the allegations contained therein.

9.  In answering paragraphs 28, 31, 33, 34, 37, 38 and 39 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

10. In answering paragraphs 29, 30, 32, 35 and 36 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

MAC:14687-221 4318724_1

### THE MURDER OF DURAN BAILEY ON JULY 8, 2001

11. In answering paragraphs 40, 41, 43, 51, 53, 54, 60 and 62 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

12. In answering paragraphs 42, 50, 52, 58, 59, 61 and 64 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

13. In answering paragraphs 44, 45, 46, 47, 48, 49, 55, 56, 57, and 63 of Plaintiff's Complaint, the LVMPD Defendants admit the allegations contained therein.

### DEFENDANTS THOWSEN AND LAROCHELLE KNEW THAT PLAINTIFF DID NOT MURDER DURAN BAILEY BUT WRONGFULLY ARRESTED HER ANYWAY

14. In answering paragraphs 65, 66, 67, 68, 69, 71, 72, 75, 78, 79, 83, 85, 86, 87 and 88 of Plaintiff's Complaint, the LVMPD Defendants admit the allegations contained therein.

15. In answering paragraphs 70, 73, 74, 76, 77, 80, 81, 82, 89, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101 and 102 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

16. In answering paragraphs 84 and 90 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

### DEFENDANTS MANIPULATED WITNESS STATEMENTS AND IGNORED EXCULPATORY INFORMATION

17. In answering paragraphs 103, 104, 105, 106, 107, 108, 109, and 110 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

### PLAINTIFF'S WRONGFUL PROSECUTION AND CONVICTION

18. In answering paragraphs 111, 117, 119 and 120 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

MAC:14687-221 4318724_1

19. In answering paragraphs 112, 116 and 118 of Plaintiff's Complaint, the LVMPD Defendants admit the allegations contained therein.

20. In answering paragraphs 113, 114, and 115 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

### PLAINTIFF'S EXONERATION

21. In answering paragraph 121 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

22. In answering paragraphs 122 and 123 of Plaintiff's Complaint, the LVMPD Defendants admit the allegations contained therein.

### PLAINTIFF'S INJURIES

23. In answering paragraphs 124, 125 and 126 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

### COUNT I: 42 U.S.C. §1983 – FIFTH AND FOURTEENTH AMENDMENTS
### INVOLUNTARY CONFESSION

24. In answering paragraph 127 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

25. In answering paragraphs 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141 and 142 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

### COUNT II: 42 U.S.C. §1983 – FOURTEENTH AMENDMENT
### DUE PROCESS

26. In answering paragraph 143 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

MAC:14687-221 4318724_1

27. In answering paragraphs 144, 145, 146, 147, 148, 149, 150 and 151 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

### COUNT III: 42 U.S.C. §1983 – FOURTH AMENDMENT CONTINUED DETENTION WITHOUT PROBABLE CAUSE AND DEPRIVATION OF LIBERTY

28. In answering paragraph 152 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

29. In answering paragraphs 153, 154, 155, 156, 157, 158 and 159 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

### COUNT IV: 42 U.S.C. §1983 – FAILURE TO INTERVENE

30. In answering paragraph 160 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

31. In answering paragraphs 161, 162, 163 and 164 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

### COUNT V: 42 U.S.C. § 1983 – CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS

32. In answering paragraph 165 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

33. In answering paragraphs 166, 167, 168, 169, 170, 171 and 172 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

### COUNT VI: NEVADA STATE LAW – MALICIOUS PROSECUTION

34. In answering paragraph 173 of Plaintiff's, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

MAC:14687-221 4318724_1

35. In answering paragraphs 174, 175, 176, 177 and 178 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

### COUNT VII: NEVADA STATE LAW – ABUSE OF PROCESS

36. In answering paragraph 179 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

37. In answering paragraphs 180, 181, 182 and 183 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

### COUNT VIII: NEVADA STATE LAW – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. In answering paragraph 184 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

39. In answering paragraphs 185, 186, 187 and 188 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

### COUNT IX: NEVADA STATE LAW – CIVIL CONSPIRACY

40. In answering paragraph 189 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

41. In answering paragraphs 190, 191, 192, 193 and 194 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

### COUNT X: NEVADA STATE LAW - INDEMNIFICATION

42. In answering paragraph 195 of Plaintiff's Complaint, the LVMPD Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and, therefore, deny the same.

43. In answering paragraph 196 of Plaintiff's Complaint, the LVMPD Defendants deny the allegations contained therein.

MAC:14687-221 4318724_1

44. In answering paragraph 197 of Plaintiff's Complaint, the LVMPD Defendants admit the allegations contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

LVMPD did not enact or promulgate any policy, statute, ordinance or custom, policy or procedure which denied or abridged any of the Plaintiff's constitutional rights.

### SECOND AFFIRMATIVE DEFENSE

The damage(s) sustained by Plaintiff, if any, were caused by the acts of third persons who were not agents, servants, or employees of LVMPD or the named Defendants and who were not acting on behalf of LVMPD or the named Defendants in any manner or form, and, as such, the LVMPD Defendants are not liable in any manner to the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

At all times mentioned in Plaintiff's Complaint, the LVMPD Defendants acted with a good faith belief that their actions were legally justifiable.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's causes of actions against the LVMPD Defendants sound in negligence, no recovery can be predicated upon 42 USCA § 1983.

### FIFTH AFFIRMATIVE DEFENSE

Any injuries allegedly sustained by Plaintiff were the result of her own negligence or actions.

### SIXTH AFFIRMATIVE DEFENSE

The LVMPD Defendants are protected by the doctrine of qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her own damages.

### EIGHTH AFFIRMATIVE DEFENSE

The conduct of the LVMPD Defendants pertaining to the incident(s) alleged in Plaintiff's Complaint are not extreme, outrageous, or reckless.

MAC:14687-221 4318724_1

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused, in whole or in part, by an independent intervening cause.

### TENTH AFFIRMATIVE DEFENSE

The LVMPD Defendants cannot be held liable for an intracorporate conspiracy.

### ELEVENTH AFFIRMATIVE DEFENSE

The LVMPD Defendants had probable cause to arrest.

### TWELFTH AFFIRMATIVE DEFENSE

The LVMPD Defendants did not fabricate any evidence.

### THIRTEENTH AFFIRMATIVE DEFENSE

The LVMPD Defendants did not withhold any evidence.

### FOURTEENTH AFFIRMATIVE DEFENSE

The LVMPD Defendants did not unlawfully coerce a confession.

WHEREFORE the LVMPD Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by virtue of her Complaint on file herein, that the same be dismissed with prejudice;

2. For an award of reasonable attorney fees and costs of suit incurred in the defense of this action; and

3. For such other and further relief as the Court may deem just and proper.

Dated this 29 day of March, 2021.

MARQUIS AURBACH COFFING

By: _____
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for LVMPD Defendants*

MAC:14687-221 4318724_1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **LVMPD DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 29th day of March, 2021.

☒   I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐   I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

/s/ Sherri Mong
An employee of Marquis Aurbach Coffing

MAC:14687-221 4318724_1