Rajan O. Dhungana
NV Bar# 13102
FEDERAL PRACTICE GROUP
7320 S. Rainbow Blvd., Ste. 102-360
Las Vegas, NV 89139
O: 714.491.8188
rdhungana@fedpractice.com
*Designated Resident Nevada Counsel for Plaintiff Kirstin Blaise Lobato*

Elizabeth Wang*
Loevy & Loevy
2060 Broadway, Ste. 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com

David B. Owens*
Megan Pierce*
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: 312.243.5900
megan@loevy.com
*Admitted *pro hac vice*
*Counsel for Plaintiff Kirstin Blaise Lobato*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KIRSTIN BLAISE LOBATO, | Case No. 2:19-cv-01273-RFB-EJY |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR INTEREST** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, NEVADA, THOMAS THOWSEN, and JAMES LAROCHELLE, | |
| Defendants. | |

Now comes Plaintiff, Kirstin Blaise Lobato, through counsel, and upon the accompanying memorandum of law, hereby move this Court pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend its judgment to include (1) prejudgment interest on the damages awarded by the jury and (2) post-judgment interest.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Filed in 2019, this suit involves the wrongful conviction of Kirstin Blaise Lobato, who spent almost 24 years suffering as a result of being wrongfully arrested and imprisoned for a murder she did not commit. This ordeal, the jury recognized, was a result of the misconduct of Defendants Thomas Thowsen and James LaRochelle pursuant to their employment with the Las Vegas Metropolitan Police Department. As the evidence showed at trial, Defendants' actions robbed Lobato of her prime years and caused her immeasurable harm. Lobato's claims accrued in 2017, after her exoneration. Yet, Defendants in this action failed to compensate her then or admit their acts. Instead, through the past five and-a-half years of litigation, they forced Lobato to go through the arduous process of trial, even seeking to dismiss her meritorious claims four separate times. At trial, the jury calculated compensatory damages Defendants owed to Lobato at $34 million dollars. Plaintiff is entitled to both pre- and post-judgment interest and respectfully requests such relief.

## RELEVANT BACKGROUND

On July 8, 2001, the body of Duran Bailey was discovered in Las Vegas, Nevada. Detectives Thowsen and LaRochelle were assigned to investigate the homicide. Nearly two weeks later, on July 20, 2001, they found their way to Plaintiff, then 18 years old and at home in Panaca, Nevada. The individual defendants arrested Plaintiff that same day and drove her back to Las Vegas where they detained her at the Clark County Detention Center.

Lobato was tried (and wrongfully convicted) in May 2002. Lobato appealed her conviction, and the Nevada Supreme Court reversed. *Lobato v. State*, 96 P.3d 765 (Nev. 2004). Lobato was retried in September 2006 and wrongfully convicted a second time in October 2006, but the (wrongful) conviction was affirmed on appeal. *Lobato v. State*, 281 P.3d 1196 (Nev. 2009). Following another appellate order, *Lobato v. State*, 385 P.3d 618 (Nev. 2016),

1   and an evidentiary hearing, on December 19, 2017, the state court again vacated the conviction
2   and Lobato was released on January 2, 2018. Lobato's claims in this suit accrued at that time.
3   *McDonough v. Smith*, 139 S. Ct. 2149 (2019).
4          On July 23, 2019, Lobato commenced this action. Dkt. 1. Rather than admit their
5   misconduct, Defendants sought to dismiss this action by moving to dismiss the complaint. Dkt.
6   24. Defendants sought dismissal again in seeking summary judgment, which was denied. 67.
7   Defendants sought to dismiss this action a third time, by appealing the Court's order denying
8   summary judgment to the Ninth Circuit Court of Appeals. Dkt. 89. After years of prolonged
9   litigation, Lobato's case finally went to trial on December 2, 2024. *See* Dkt. 171. Even then,
10  Defendants still sought dismissal (though on a very limited basis) via an oral Rule 50 motion
11  during the trial.
12         On December 12, 2024, a unanimous jury awarded Lobato $34 million in damages.
13  Dkt. 190. Specifically, the jury found in favor of Lobato on all claims and awarded
14  compensatory damages in the amount of $34,000,000, and punitive damages against
15  Defendants Thowsen and LaRochelle in the amount of $10,000 each. *Id.*
16  On January 21, 2025, the court entered an order granting parties' stipulations that judgment
17  would be entered on or after January 2, 2025, and that post-judgment interest shall begin
18  accruing as of January 2, 2025. Dkt. 211. Judgment was entered January 6, 2025. Dkt 207.
19  Plaintiff now seeks both pre- and post-judgment interest on her compensatory damages.

## DISCUSSION

21  **A. This Court Should Award Pre-Judgment Interest Pursuant to Rule 59(e).**
22         A request for prejudgment judgment may be brought under a motion to alter or amend a
23  judgment, as prejudgment interest traditionally has been considered part of the compensation
24  due to a plaintiff. *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be
25  filed no later than 28 days after the entry of the judgment."); *S. Cal. Edison Co. v. Orange*
26

3

*Cnty. Transp. Auth.*, 96 F.4th 1099, 1111 (9th Cir. 2024) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989) (explaining that a "postjudgment motion for discretionary prejudgment interest is a Rule 59(e) motion")).

Therefore, pursuant to these Rule 59(e), Plaintiff requests that the Court enter an amended judgment as set forth herein.

**1. Plaintiff Is Entitled to Prejudgment Interest on Her Compensatory Damages Verdict.**

To fully compensate Plaintiff for her injuries, this Court should provide Plaintiff with prejudgment interest on her $34 million in compensatory damages from the date of the injury until judgment. *See generally Western Pacific Fisheries, Inc., v. S.S. President Grant*, 730 F.2d 1280, 1288 (9th Cir. 1984).

Prejudgment interest "under federal law is a matter left to the sound discretion of the trial court." *Purcell v. United States*, 1 F.3d 932, 942-43 (9th Cir. 1993) (citations omitted); *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) (internal quotation marks and citation omitted). Prejudgment interest awards "are governed by considerations of fairness and are awarded when it is necessary to make the wronged party whole." *Id.* at 943 (citation omitted). "Prejudgment interest is a measure that 'serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.'" *Schneider v. County of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) (quoting *West Virginia v. United States*, 479 U.S. 305, 311 n.2 (1987)).

Though not mandatory, courts are reluctant not to order it, as the refusal to award prejudgment interest would result in a windfall for the defendant and could create a perverse incentive to prolong litigation. *See General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654-55, n. 10, 657 (1983). Accordingly, "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award." *Id.*; *Kansas v. Colorado*, 533 U.S. 1, 10

(2001) (award prejudgment interest and noting that the Supreme Court cases "since 1933 have consistently acknowledged that a monetary award does not fully compensate for an injury unless it includes an interest component.").

Prejudgment interest is an element of compensation, not a penalty. *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013). And prejudgment interest is available for both economic and noneconomic damages. *Id.*; *see Murphy v. City of Elko*, 976 F. Supp. 1359, 1364 (D. Nev. 1997) (holding the prejudgment interest should run on her entire award because her damages for pain and suffering were just as "real and just as much an injury as her loss of earning."); *Wooten v. BNSF Ry. Co.*, 387 F. Supp. 3d 1078, 1090 (D. Mont. 2019); *Gorelangton v. City of Reno,* 638 F. Supp. 1426, 1433 (D.Nev.1986) (prejudgment interest awarded on § 1983 claims for unliquidated claims of false arrest and wrongful death); *Farmers Home Mut. Ins. Co. v. Fiscus*, 102 Nev. 371, 375, 725 P.2d 234, 236 (1986) (Affirming an award of prejudgment interest on award to insureds for anxiety, worry, mental, and emotional distress).

Here, the Court should award Lobato prejudgment interest on her jury award so that she is fully compensated. Her jury award did not include prejudgment interest, nor would any ordinary juror assume an award of damages was also an award for interest. *See e.g., Gierlinger v. Gleason*, 160 F.3d 858, 874-75 (2d Cir. 1998). There is no evidence in the record suggesting parties contemplated the jury award including prejudgment interest, nor is there evidence the jury took prejudgment interest into account when deciding what to award in damages, as it was never mentioned to them. Absent evidence of such evidence, the Court should award prejudgment interest. *See e.g., Gierlinger*, 160 F.3d at 874-75. Furthermore, failing to award prejudgment interest would create a windfall for defendants and a perverse incentive for defendants in future cases to prolong litigation. *See generally General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654-55, n. 10, 657 (1983).

**2. The Court Should Apply the Statutory Post-Judgment Interest Rate Governed by 28 U.S.C. § 1961 to Lobato's Prejudgment Interest.**

"Generally, the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest." *Van Asdale v. Int'l Game Tech.*, 763 F.3d 1089, 1093 (9th Cir. 2014) (quoting *Blankenship v. Liberty Life Assur. Co. of Bos.*, 486 F.3d 620, 628 (9th Cir. 2007)). Thus, "prejudgment interest is often calculated at the same rate as postjudgment interest." *Id.* But the court retains the discretion to depart from this rate if it finds, based on substantial evidence, that the equities of the case necessitate the application of a different rate. *Western Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984); *see, e.g., Blankenship*, 486 F.3d at 628 (awarding 10% in an ERISA case because it was the rate he would have earned in his mutual fund over that period); *see also Golden State Transit Corp. v. City of Los Angeles*, 773 F. Supp. 204 (C.D. Cal. 1991) (using 28 U.S.C. § 1961 as a starting point, but deviating from it due to the long length of the period interest would be awarded over and instead awarding the 52-week Treasury bill rate, compounded annually, using an annual average (January to December) of the monthly rates).

Under § 1961, the post-judgment interest rate is based on the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment. 28 U.S.C. § 1961(a). Interest is computed daily until payment is made and "compounded annually." *Id.* § 1961(b). As discussed below, this rate is 4.17%. Here, the court should award prejudgment interest, as a component of compensatory damages, based on the interest rate laid out in § 1961. *See Saavedra v. Korean Air Lines Co.*, 93 F.3d 547, 555 (9th Cir. 1996) ("As we have previously used § 1961(a) as a yardstick for prejudgment interest, we would be remiss to hold that the district court abused its discretion in following the dictates of § 1961(a)"); *see also Kaiser*

*Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827 (1990) ("The language of [28 U.S.C. § 1961] directs that a single applicable rate of interest be applied to the judgment.").

**B. Plaintiff is also Entitled to Post-Judgment Interest.**

Under 28 U.S.C. § 1961, the award of post-judgment interest is mandatory. See *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) (citations omitted). As the Ninth Circuit has emphasized, "failure to award post-judgment interest would create an incentive for defendants to exploit the time value of money by frivolously appealing or otherwise delaying payment." *Air Separation Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 289–90 (9th Cir. 1995).

Though a Rule 59 motion on this issue is technically unnecessary, pursuant to § 1961, Plaintiff is entitled to post-judgment interest, which should be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961 (a); *see also* Dkt. 207 (judgment entered on January 6, 2025).

For the week ending January 3, 2025, the weekly average 1-year constant maturity Treasury yield rate was 4.17%, the § 1961 rate was  *See* Board of Governors of the Federal Reserve System Daily Update, http://www.federalreserve.gov/releases/H15/. Plaintiffs respectfully request that this rate (4.17%) be applied to the total judgment amount from January 6, 2025, until the judgment is paid in full. *See* Dkt. 207.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's motion for pre- and post-judgment interest.

DATED this 3rd day of February, 2025.

Respectfully submitted,

**KIRSTIN BLAISE LOBATO**

7

By: /s/ David B. Owens
*One of Plaintiff's Attorneys*

| | |
|---|---|
| Rajan O. Dhungana<br>NV Bar# 13102<br>FEDERAL PRACTICE GROUP<br>7320 S. Rainbow Blvd., Ste. 102-360<br>Las Vegas, NV 89139<br>rdhungana@fedpractice.com<br>O: 714.491.8188<br>*Designated Resident Nevada Counsel for*<br>*Plaintiff Kirstin Blaise Lobato* | David B. Owens *<br>Megan Pierce*<br>Loevy & Loevy<br>311 North Aberdeen St., 3rd Floor<br>Chicago, IL 60607<br>T: (312) 243-5900<br>F: (312) 243-5902<br>david@loevy.com<br>*Admitted pro hac vice*<br><br>Elizabeth Wang*<br>Loevy & Loevy<br>2060 Broadway, Ste. 460<br>Boulder, CO 80302<br>T: (312) 243-5900<br>F: (312) 243-5902<br>elizabethw@loevy.com<br>*Admitted pro hac vice*<br>*Counsel for Plaintiff Kirstin Blaise Lobato* |

## CERTIFICATE OF SERVICE

I, David B. Owens, an attorney, hereby certify that on February 3, 2025, I filed the foregoing document via CM/ECF, which was electronically delivered to all counsel of record.

/s/ David B. Owens
*One of Plaintiff's Attorneys*

8